## RAUB *v.* HURT.

APPELLATE PRACTICE; EQUITY PRACTICE; CREDITOR'S BILL; EXECUTION.

1. The mere failure to have a citation on appeal returned within 20 days and an alias issued, if for some reason the original cannot be served on the appellee, is not an irregularity for which the appeal will be dismissed by this court.

2. Exceptions to several consecutive answers to a bill in equity, which are not verified, and which neither deny the substantial allegations of the bill nor allege any sufficient ground of defense, are properly sustained.

3. Where a judgment plaintiff, after an execution on his judgment has been returned unsatisfied, fails to sue out a new execution within a year and a day from the return of the first, he is driven to his action of debt on his judgment (following *Galt* v. *Todd,* 5 App. D. C. 350); but he is not precluded from filing a bill in equity to enforce the judgment at any time within the time saved by the statute of limitations, the bill being the equivalent of an action at law upon the judgment to re-establish it.

No. 1445.    Submitted October 4, 1904.    Decided October 20, 1904.

HEARING on a motion by the complainant to dismiss or affirm a decree of the Supreme Court of the District of Columbia in a judgment creditor's suit.                                  *Decree affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John C. Fay* for the motion.

*Mr. C. H. Merillat* and *Mr. W. E. Ambrose* opposed.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. The appellee has moved to dismiss this appeal on the ground that the citation on appeal was not served and returned within 20 days of its issuance, as required by § 5 of rule 10.

In event this motion be overruled he has further moved to affirm, under § 2 of rule 15 on the ground that the question involved is manifestly frivolous, and that the appeal has been taken for delay only.

2. It appears that the citation was issued on the day that the appeal bond was filed, though it was not executed within 20 days.

For all that appears there may have been some good reason why the writ was not executed and returned within the time; and it is clear that the appellee has suffered no injury. The mere failure to have the writ returned within 20 days and an alias issued, if for some reason the original could not be served upon the party, is, under the circumstances, an irregularity for which the appeal should not be dismissed.

3. The bill was filed by the appellee, Henry Hurt, as complainant in the court below to obtain the satisfaction of a judgment rendered in his favor against the appellant, Samuel C. Raub, in the supreme court of the District on September 23, 1897. Execution, it was alleged, had been issued on September 6, 1898, and returned *nulla bona;* and an order of sale was prayed of the equitable interest of the appellant in certain real estate, described. The answer of defendant neither admitted nor denied the rendition of the judgment, and alleged that the judgment was founded on a debt incurred for the accommodation of other parties, and that money belonging to one of said parties and sufficient to discharge the debt had come into complainant's hands. Exceptions to this answer were sustained, and leave

given to file an amended answer.  The amended answer neither admits nor denies the recovery of the judgment, and contains a general allegation that defendant "has been informed by the complainant that he has no interest in the suit, and has received full satisfaction of the alleged judgment set out in the bill of complaint; and on such information and belief this respondent charges that there is now nothing due to the complainant upon said alleged judgment."  Exceptions to this were sustained. Another amended answer was filed June 22, 1903, and another, unsworn, and apparently without leave, was filed on the same day, both alleging, upon information and belief, that the money received from the principal debtor in the obligation that had been reduced to judgment had been received by the complainant after the recovery of the judgment.  Exceptions filed to the first of these answers were sustained on August 10, 1903.  The second answer was apparently unnoticed.  On August 17 another amended answer was filed, the same in form and substance as the above-mentioned second answer, and likewise unsworn to.

The cause having been placed on the calendar for hearing, the court, on January 26, 1904, ordered that it be stricken from the calendar with leave to complainant, after the expiration of 15 days, to take such further action as he may be advised.  Complainant, on February 11, 1904, moved that the answer of August 17, 1903, be stricken from the files because unverified as required, and that an order *pro confesso* be entered.  This motion was granted February 22, 1904.  On March 29, 1904, defendant filed a motion to vacate the order, accompanied by a plea to the effect that the judgment had "ceased to be operative and effectual on the 16th day of November, 1899, three years having elapsed from the return of the writ of fieri facias, and that no process had issued upon said judgment to revive the same."

On April 6, 1904, the court entered a final decree for the complainant, confirming the order *pro confesso* and ordering a sale of the lands described in the bill for the satisfaction of the judgment.  This decree was amended in some formal particulars on

April 14, 1904, and defendant filed notice of appeal therefrom on May 6, 1904, with order for citation, having also filed his appeal bond.

Clearly there was no error in sustaining the exceptions to the defendant's several answers. They neither denied the substantial allegations of the bill, nor alleged any sufficient ground of defense.

Treating the plea as regularly filed, it is without merit.

It is true that the plaintiff could not have had another execution on the judgment because of his failure to renew the same within a year and a day from the return of the first. By reason of this failure, the plaintiff, to obtain another execution, would be driven to an action of debt upon the judgment, or to a scire facias to revive it. *Galt* v. *Todd,* 5 App. D. C. 350, 354. But this did not preclude a suit in equity to have a decree for the enforcement of the judgment within the time saved by the statute of limitations. The grounds being ample for a resort to equity, the bill is the equivalent of an action at law upon the judgment to re-establish it.

The defendant had the opportunity to present the same defense to this suit that he would have had in an action of debt upon the judgment. Manifestly nothing in the answers or plea presented any such defense.

The decree was clearly right, and the motion to affirm is therefore granted.

The decree will be *affirmed with costs, and it is so ordered.*